United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LUIS EMIGDIO TORRES-APARICIO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00874** |
| | § | |
| **MIGUEL VERGARA,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Petitioner Luis Emigdio Torres-Aparicio ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** as premature.

## Background

Petitioner is a native and citizen of Venezuela who has been detained in immigration custody at the Rio Grande Processing Center since approximately November 21, 2025. (Dkt. 1 at 2; Dkt. 8 at 2.) Petitioner was ordered removed from the United States on January 29, 2026, and his order of removal became final after Petitioner did not file an appeal to the Board of Immigration Appeals (BIA) within the thirty-day appeal period. (Dkt. 1 at 2; Dkt. 8 at 2, Attach. 1 at 8–11); *see* 8 C.F.R. § 1241.1. Petitioner previously filed a petition for writ of habeas corpus in Case No. 5:26-CV-00246. That petition was dismissed without prejudice by District Judge John A. Kazen

1 / 4

because, at that time, no administratively final order of removal had been entered in Petitioner's removal case. (*See* Case No. 5:26-CV-00246, Dkt. 4.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on May 11, 2026. (Dkt. 1.) Petitioner now alleges that his ongoing detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment and violates 8 U.S.C. § 1231(a) as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 7–10.) Upon receipt of the petition, the Court ordered Respondents to file a response on or before May 19, 2026. (Dkt. 4.) Respondents filed a timely Motion to Dismiss Petition for Writ of Habeas Corpus, (Dkt. 8), arguing that Petitioner's detention is lawful pursuant to 8 U.S.C. § 1231 and any habeas claim is premature because he has been detained for less than 90 days since his order of removal became final. (Dkt. 8 at 3–7.) Petitioner filed a reply to Respondents' response arguing that he is entitled to release from custody because his removal is not reasonably foreseeable under *Zadvydas*. (*See* Dkt. 9.)

### Discussion

Turning to Petitioner's claims, Respondents correctly assert that Petitioner's detention is now governed by 8 U.S.C. § 1231 because he has an administratively final order of removal. (Dkt. 8 at 3.) Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has 90 days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689; *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385

(2005); 8 U.S.C § 1231(a)(3). In *Zadvydas,* the Supreme Court emphasized that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas,* 533 U.S. at 699 (citations omitted). Regarding the reasonableness of continued post-removal-order detention, the Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.

Here, Petitioner incorrectly asserts that more than 90 days have elapsed since his order of removal became administratively final. (*See* Dkt. 1 at 9.) However, as of the date of this Order, Petitioner has been detained for less than 90 days since his order of removal became final because the order did not become final until the period for him to appeal to the BIA expired on March 2, 2026. (*See* Dkt. 8 at 3–5, Attach. 1 at 8–11); 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.") Thus, Petitioner's claim for release under *Zadvydas* is premature as he is still within the statutorily mandated period for post-removal-order detention. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

<u>**CONCLUSION**</u>

Accordingly, Petitioner's petition, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, (Dkt. 8), is **GRANTED** in part.

3 / 4

Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention has become unconstitutionally prolonged under *Zadvydas*. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

IT IS SO ORDERED.

SIGNED this May 27, 2026.

Diana Saldaña
United States District Judge